UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

DONNELL WILLIAMS,

        Plaintiff,                   Case No. 2:14-cv-206

v.                                           Honorable R. Allan Edgar

UNKNOWN HILL,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Nelson and Philipson. The Court will serve the complaint against Defendants Hill, Olson, Heyrmand, Johnson, Sanders, Fluery, and Rose.

**Discussion**

I.      Factual allegations

Plaintiff Donnell Williams, a state prisoner currently confined at the Gus Harrison Correctional Facility in Adrian, Michigan, filed this *pro se* civil rights action against officials at the Alger Maximum Correctional Facility (LMF) pursuant to 42 U.S.C. § 1983. Defendants include Officers Unknown Hill, Unknown Olson, Unknown Philipson, Unknown Heyrmand, Kelly Johnson, Unknown Sanders, Unknown Nelson, Unknown Fluery, and Psychiatrist Unknown Rose.

In his complaint, Plaintiff alleges that on October 6, 2011, Defendant Hill told Plaintiff that he would not be in the unit for long because of the grievance that Plaintiff had filed against Defendant Olson. Plaintiff then filed grievances against Defendant Hill regarding this statement. Plaintiff had his family members call LMF Administration and the MDOC Director's office to report Defendant Hill's threats. On December 8, 2011, Plaintiff's sister called LMF and spoke with Defendant Philipson, who falsely stated that she had not received any complaints from Plaintiff about Defendant Hill. Defendant Philipson then lied on a grievance response by stating that Plaintiff's sister had not called her. On December 10, 2011, Defendant Hill wrote a retaliatory misconduct on Plaintiff for threatening to have Defendants Hill and Olson stabbed. Plaintiff filed a complaint with Internal Affairs and the Legislative Corrections Ombudsman, and sent a copy of the action to the Attorney General's Office.

On April 24, 2012, while on his way to the showers, Plaintiff stopped to speak with the unit block representative, prompting Defendant Gurnoe to get on the loud speaker and say, "Williams, you push the button for a shower not to talk, dumb ass." Plaintiff filed a grievance on Defendant Gurnoe. On April 27, 2012, Plaintiff told Defendants Gurnoe and Heyrmand that his cell

-2-

door would not open all the way and that he had nearly been caught between the electric sliding door entrances on several occasions.

On June 8, 2012, Plaintiff Johnson refused to let Plaintiff out for his law library call-out, his yard time, or his day room period. On June 19, 2012, Defendant Johnson opened Plaintiff's door for his law library call-out. After Plaintiff exited the cell, he realized he needed his identification card and returned to his cell to retrieve it. Once inside the cell, Defendant Johnson closed the door and refused to let Plaintiff out. Later while Defendant Johnson was making rounds, she informed Plaintiff that she would be taking every call-out he had.

On October 3, 2012, Defendant Sanders shook down Plaintiff's cell and removed legal materials and grievances filed against himself and several other LMF employees. Defendant Sanders did not write a contraband removal slip or a minor misconduct, but merely disposed of the seized materials. On October 8, 2012, Plaintiff complained to Defendant Nelson about retaliation from LMF guards. During this period, Plaintiff's family members were calling LMF twice a week and speaking to administrative staff, to no avail. On October 24, 2012, Plaintiff asked Defendant Heyrmand to let him out for yard, and Defendant Heyrmand stated, "You not getting shit. I remember you from Spruce unit and all of your grievances."

On December 24, 2012, Plaintiff asked prison guard Lapalm for a grievance. Lapalm asked Plaintiff why he wanted the form and when Plaintiff did not answer, Lapalm stated, "Because you shot that little girl I was told by my co-workers you have nothing coming." Subsequently, Defendant Fluery and other guards refused to let Plaintiff shower and go to yard. On at least one occasion, Plaintiff's food tray was withheld from him and the food activity list was falsified.

On January 7, 2013, Plaintiff was seen by Defendant Rose, who charged Plaintiff with falsely accusing prison guards of harassing and threatening behavior. Defendant Rose told Plaintiff that she and the warden had decided to send Plaintiff to a level 5 facility because of his behavior. Defendant Rose then went to the guards' station and stated, "You will not have to worry about William's ass much longer, he is going to level 5." On January 7, 2013, a Security Classification Screening was held and an upward departure was requested despite the fact that Plaintiff only had four security points and only two major misconducts in eleven and a half years. Plaintiff was transferred to level 5 Baraga Correctional Facility (AMF).

Plaintiff sues Defendants in their individual and official capacities.[1] Plaintiff seeks nominal and punitive damages.

II.    Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial

---

[1] To the extent that Plaintiff is seeking damages against Defendants in their official capacities, such claims do not state a claim upon which relief can be granted. *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989). "State officers in their official capacities, like States themselves, are not amenable to suit for damages under § 1983." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997) (citing *Will,* 491 U.S., at 71, and n. 10).

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff's only allegations against Defendant Nelson are that Defendant Nelson ignored his complaints regarding retaliation from LMF guards. Liability under Section 1983 must be based on more than merely the right to control employees. *Polk Co. v. Dodson*, 454 U.S. 312, 325-26 (1981); *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978). Thus, Section 1983 liability cannot be premised upon mere allegations of *respondeat superior*. *Monell*, 436 U.S. at 691; *Polk*, 454 U.S. at 325. A party cannot be held liable under Section 1983 absent a

showing that the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct. *See e.g. Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989), *cert. denied*, 495 U.S. 932 (1990); *Hays v. Jefferson*, 668 F.2d 869, 874 (6th Cir.), *cert. denied*, 459 U.S. 833 (1982). *See also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.), *cert. denied* 469 U.S. 845 (1984).

Supervisory officials can be held liable for the acts of their subordinates only if plaintiff establishes that the supervisor failed to appropriately discharge his supervisory duties, and that this failure resulted in a denial or deprivation of plaintiff's federal rights. *See e.g. Leach*, 891 F.2d at 1246; *Hayes v. Vessey*, 777 F.2d 1149, 1154 (6th Cir. 1985). However, the failure of a supervisor to supervise, control or train the offending employee is not actionable absent a showing that the official implicitly encouraged, authorized, approved or knowingly acquiesced in, or in some other way directly participated in, the offensive conduct. *Leach*, 891 F.2d at 1246. Such a claim requires, at a minimum, that the official had knowledge of the offending employee's conduct at a time when the conduct could be prevented, or that such conduct was otherwise foreseeable or predictable. *See e.g. Gibson v. Foltz*, 963 F.2d 851, 854 (6th Cir. 1992). In addition, plaintiff must show that defendant had some duty or authority to act. *See e.g. Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989) (lower level official not liable for shortcomings of building); *Ghandi v. Police Dept. of City of Detroit*, 747 F.2d 338, 351 (6th Cir. 1984) (mere presence at the scene is insufficient grounds to impose Section 1983 liability in the absence of a duty to act); *accord Hall v. Shipley*, 932 F.2d 1147 (6th Cir. 1991). In addition, merely bringing a problem to the attention of a supervisory official is not sufficient to impose such liability. *See Shelly v. Johnson*, 684 F. Supp. 941, 946 (W.D. Mich. 1987) (Hillman, C.J.), *aff'd* 849 F.2d 228 (6th Cir. 1988). Finally, supervisory liability claims

cannot be based on simple negligence.  *Leach*, 891 F.2d at 1246; *Weaver v. Toombs*, 756 F. Supp. 335, 337 (W.D. Mich. 1989), *aff'd* 915 F.2d 1574 (6th Cir. 1990).

Plaintiff has not alleged facts establishing that Defendant Nelson was personally involved in the activity which forms the basis of his claim.  Defendant Nelson's only role in this action involved the failure to act.  Defendant Nelson cannot be liable for such conduct under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999), *cert. denied*, 530 U.S. 1264 (2000). Accordingly, the Court concludes that Plaintiff's claims against Defendant Nelson are properly dismissed for lack of personal involvement.

With regard to Defendant Philipson, Plaintiff's only claim is that he lied in his grievance response about receiving complaints from Plaintiff and his sister.  Plaintiff has no due process right to file a prison grievance. The Sixth Circuit and other circuit courts have held that there is no constitutionally protected due process right to an effective prison grievance procedure. *Walker v. Mich. Dep't of Corr.,* 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003); *Young v. Gundy,* 30 F. App'x 568, 569-70 (6th Cir. 2002); *Carpenter v. Wilkinson,* No. 99-3562, 2000 WL 190054, at *2 (6th Cir. Feb. 7, 2000); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). Michigan law does not create a liberty interest in the grievance procedure.  *See Olim v. Wakinekona,* 461 U.S. 238, 249 (1983); *Keenan v. Marker*, 23 F. App'x 405, 407 (6th Cir. 2001); *Wynn v. Wolf*, No. 93-2411, 1994 WL 105907, at *1 (6th Cir. Mar. 28, 1994).  Because Plaintiff has no liberty interest in the grievance process, Defendant Philipson's alleged conduct in lying on the grievance response did not deprive Plaintiff of due process.

The court concludes that Plaintiff's remaining retaliation claims against Defendants Hill, Olson, Heyrmand, Johnson, Sanders, Fluery, and Rose are nonfrivolous and may not be dismissed on initial review.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Nelson and Philipson will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendants Hill, Olson, Heyrmand, Johnson, Sanders, Fluery, and Rose.

An Order consistent with this Opinion will be entered.


Dated:      11/17/2014                            */s/ R. Allan Edgar*
                                                  R. Allan Edgar
                                                  United States District Judge