UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DONNELL WILLIAMS #225280,

    Plaintiff,

v.                                      Case No. 2:14-cv-206
                                       HON. PAUL L. MALONEY
UNKNOWN OLSON, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by state prisoner Donnell Williams pursuant to 42 U.S.C. § 1983 against Defendants Olsen and Sanders. The case is set for a bench trial on October 23, 2017.

On January 27, 2017, the Court issued a Case Management Order, which stated Plaintiff must file a "Pretrial Narrative Statement" with the Court on or before August 24, 2017. (ECF No. 65.) In this Pretrial Narrative Statement, Plaintiff was required to list any exhibits to be offered into evidence at trial and a brief narrative written statement of the purpose for which each exhibit is being offered. Furthermore, the Case Management Order stated that the parties must file a copy of all their exhibits with the Court on or before September 22, 2017. Plaintiff failed to file any exhibits with the Court. Defendants have identified two exhibits—a December 10, 2011 Class I Misconduct Report for Threatening Behavior and a Cell Search Log from October 2011. During the Final Pretrial Conference held on October 3, 2017, Plaintiff informed the undersigned that he plans to use as exhibits the December 10, 2011 Misconduct Report and a Kite from December 2011. Because no other exhibits were identified or provided to the Court, the undersigned

recommends that the only three exhibits permitted at trial include (1) the December 10, 2011 Class I Misconduct Report for Threatening Behavior; (2) the Cell Search Log from October 2011; and (3) the Kite from December 2011.

In addition, the Case Management Order stated that Plaintiff's Pretrial Narrative Statement must include the names and addresses of any witnesses that Plaintiff intended to call at trial and provide a brief summary of the anticipated testimony of each witness. Plaintiff identified a total of sixteen witnesses; however, he only provided a summary of the anticipated testimony of one witness—Theresa Depriest.[1] Because Plaintiff failed to comply with the Case Management Order as to the other witness listed in his Pretrial Narrative Statement, the undersigned recommends that the Court not allow Plaintiff's other witnesses to testify at trial.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). S*ee also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated: October 4, 2017

  /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

---

[1] During the Final Pretrial Conference, Plaintiff informed the undersigned that Ms. Depriest may attempt to testify via video from Kalamazoo if she cannot drive to Marquette. The undersigned instructed Plaintiff to file a request with the Court to permit a witness to testify via video.